UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID CHARLES MAIER,<br><br>                Plaintiff,<br><br>   v.<br><br>DEPUTY MATT CHARROIN, *et al.*,<br><br>                Defendants. | Case No. C18-390-JLR-JPD<br><br>ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT APPOINTED COUNSEL AND RE-NOTING DEFENDANTS' MOTION TO DISMISS |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's application for court appointed counsel. The Court, having reviewed plaintiff's application, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's application for court appointed counsel (Dkt. 16) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT APPOINTED COUNSEL - 1

requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff offers little explanation in his application as to why he believes appointment of counsel is appropriate in this matter, noting only that he has contacted several attorneys to help him in this case, apparently without success. (*See* Dkt. 16 at 2.) There is simply nothing in plaintiff's application for counsel, or in his complaint, which demonstrates that this case involves exceptional circumstances warranting the appointment of counsel. In a more recent submission, which plaintiff identifies as a declaration, plaintiff reiterates his request for counsel and suggests that he is being denied access to evidence which would allow him to counter defendants' assertion, made in their pending motion to dismiss, that plaintiff did not exhaust his administrative remedies. (*See* Dkt. 17.)

To the extent plaintiff intends to argue that counsel is necessary to assist him in countering defendants' exhaustion argument, he has still not established that appointment of counsel is warranted. Plaintiff has not shown that the task of obtaining evidence to demonstrate proper exhaustion, assuming it exists, is beyond his capabilities, or that such evidence is being withheld. In fact, the record shows that plaintiff made a public records request seeking documents from the Whatcom County Jail, and that Jail Chief Wendy Jones responded to that request, advising plaintiff that documents in his file were available to him, albeit for a small fee.

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT APPOINTED COUNSEL - 2

(*See* Dkt. 17 at 4.) The mere fact that plaintiff may be required to pay a fee in order to obtain necessary documentation is not sufficient to establish an entitlement to counsel.[1]

(2) Defendants have filed a motion to dismiss which was noted on the Court's calendar for consideration on June 15, 2018. In light of the Court's ruling on plaintiff's motion for appointment of counsel, the Court deems it appropriate to grant plaintiff some additional time to file his response to defendants' motion to dismiss. Accordingly, plaintiff is directed to file and serve any response to defendants' motion to dismiss not later than **August 6, 2018**. Defendants' motion to dismiss (Dkt. 13) is RE-NOTED on the Court's calendar for consideration on **August 10, 2018**.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable James L. Robart.

DATED this 9th day of July, 2018.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] It is noteworthy that plaintiff acknowledged in his complaint that he failed to complete the grievance process. (*See* Dkt. 7 at 2.) If he has now changed his position on that issue, it is incumbent upon him to support his new position with actual evidence.

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT APPOINTED COUNSEL - 3