UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID CHARLES MAIER,<br><br>                Plaintiff,<br><br>   v.<br><br>JAIL HEALTH STAFF, *et al*.,<br><br>                Defendants. | Case No. C18-390-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff David Maier brings this civil rights action under 42 U.S.C. § 1983 to allege violations of his constitutional rights arising out of his confinement at the Whatcom County Jail in early 2018. Plaintiff identifies as defendants in his complaint Matt Charroin and Robert Packard, both of whom are apparently corrections deputies at the Whatcom County Jail. Plaintiff requests injunctive relief and damages. Defendants now move to dismiss this action under Fed. R. Civ. P. 12(b)(6) based on plaintiff's failure to exhaust his administrative remedies. Plaintiff filed a one page response opposing defendants' motion. The Court, having reviewed defendants' motion, plaintiff's response thereto, and the balance of the record, concludes that defendants'

REPORT AND RECOMMENDATION - 1

motion to dismiss should be granted and that plaintiff's complaint should be dismissed without prejudice.

## DISCUSSION

Plaintiff alleges in his verified complaint that while he was confined at the Whatcom County Jail in February 2018, defendants (1) discontinued his mental health medications, (2) denied him medical care, (3) transferred him to maximum security housing without affording him a hearing, (4) housed him in an unsanitary cell, (5) failed to protect him from a cellmate who had threatened him, and (5) subjected him to mental abuse by calling him names.  (*See* Dkt. 7.) Defendants argue in their motion to dismiss that this action should be dismissed because plaintiff failed to comply with the exhaustion requirement of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process.  *See id*. at 93-95.  If administrative remedies have not been exhausted at the time an action is brought, the action must be dismissed without prejudice.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam).

Failure to exhaust administrative remedies is an affirmative defense which should ordinarily be brought in a motion for summary judgment, under Rule 56 of the Federal Rules of

REPORT AND RECOMMENDATION - 2

Civil Procedure, with the burden resting on the defendant to plead and prove the failure of a plaintiff to exhaust available administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1168-69 (9th Cir. 2014). However, the Ninth Circuit noted in *Albino* that in rare cases, failure to exhaust may be clear from the face of the complaint and in such cases a defendant may move for dismissal under Rule 12(b)(6) for failure to state a claim. *Id*. at 1169.

Defendants argue that dismissal under Rule 12(b)(6) is appropriate in this action because it is clear from the face of plaintiff's complaint that plaintiff failed to exhaust the administrative remedies available to him at the Whatcom County Jail before filing this case. (*See* Dkt. 13 at 4.) Defendants note that Section II of the standard complaint form utilized by plaintiff in this action asks a plaintiff to identify his place of present confinement, and to then respond to three questions related to that institution's grievance process and to the plaintiff's actions in relation to that process. (*See id*.) Plaintiff Maier identified the Whatcom County Jail as his place of confinement. (Dkt. 7 at 2.) Plaintiff then responded "yes" to the first and second questions posed asking whether there was a prisoner grievance procedure available at the institution and whether plaintiff had filed any grievances concerning the facts related to his complaint. (*See id*.) Plaintiff responded "no" to the final question asking whether the grievance process had been completed. (*See id*.)

The form directs the plaintiff to attach a copy of the final grievance resolution *if* the answer to the final question regarding completion of the grievance process is answered "yes." (*See id*.) Though plaintiff answered "no" to the final question, he did submit with his complaint a copy of a grievance response which appears to address a series of grievances submitted by plaintiff to Whatcom County Jail staff relating to at least some of the facts alleged in plaintiff's complaint. (*See* Dkt. 7-1.) That grievance response specifically advised plaintiff that if he

REPORT AND RECOMMENDATION - 3

disagreed with the decision, which was issued by Lieutenant Erickson, he could appeal the decision to Whatcom County Jail Chief Jones. (*See* Dkt. 7-1 at 1.) Defendants assert that nothing in plaintiff's complaint suggests that he pursued this appeal process, and that this is consistent with plaintiff's representation that the grievance process had not been exhausted.[1] (Dkt. 13 at 4-5.)

Plaintiff, in his very brief response to defendants' motion to dismiss, asserts that he did file an appeal which was responded to by Chief Wendy Jones. (*See* Dkt. 20 at 2.) However, plaintiff does not submit any evidence to support this assertion, and this simple assertion is not sufficient to undermine plaintiff's sworn statement in his complaint that he did not complete the grievance process. The Court notes that earlier in this action, an individual by the name of Dagan Becker[2] submitted a declaration to which was attached a response from Chief Jones to a kite submitted by plaintiff requesting the full names and badge numbers of several corrections deputies, including the defendants in this action, and of the jail's contract health care staff. (*See* Dkt. 4 at 4.) The kite was submitted on March 6, 2018, five days after plaintiff received the grievance response which he attached to his complaint, and it apparently requested information regarding individuals whom plaintiff believed to be involved in the claims asserted in this action, but there is no indication that the kite actually constituted an appeal of the grievance response. Assuming this is the document referenced by plaintiff in his response to the motion to dismiss, and leaving aside any issues concerning whether this document is properly before the Court, the document clearly does not demonstrate that plaintiff exhausted his administrative remedies.

---

[1] The Court presumes that if defendants had knowledge that plaintiff did, in fact, appeal the grievance decision they would so advise the Court despite any insufficiency in plaintiff's pleading.

[2] It appears that Mr. Becker may have been a fellow inmate of plaintiff's at the Whatcom County Jail at times relevant to this action.

REPORT AND RECOMMENDATION - 4

As it appears from the face of plaintiff's complaint that he failed to exhaust the administrative remedies available to him at the Whatcom County Jail before filing this action, this action must be dismissed for failure of plaintiff to comply with the requirements of 42 U.S.C. § 1997e(a).

CONCLUSION

Based on the foregoing, this Court recommends that defendants' motion to dismiss be granted, and that plaintiff's complaint be dismissed without prejudice.  However, given defendants' decision to pursue dismissal of this action under Rule 12(b)(6) rather than Rule 56, and given plaintiff's insistence, albeit in an unsworn document, that he did exhaust his administrative remedies, plaintiff should be granted an opportunity to file an amended complaint curing, if he can, the insufficiency in his original complaint regarding the exhaustion issue.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 14, 2018**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 16, 2018.**

//
//
//
//

REPORT AND RECOMMENDATION - 5

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this <u>24th</u> day of October, 2018.

*[signature]*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6